J-A24024-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| WAYNE DOUGLAS RENNINGER | : | No. 466 MDA 2025 |

Appeal from the Order Entered March 11, 2025
In the Court of Common Pleas of Berks County Criminal Division at
No(s): CP-06-CR-0002854-2023

BEFORE: DUBOW, J., KUNSELMAN, J., and BECK, J.

MEMORANDUM BY DUBOW, J.:          **FILED: JANUARY 2, 2026**

The Commonwealth appeals from the March 11, 2025 order entered in the Berks County Court of Common Pleas, quashing the criminal information filed against Appellee, Wayne Douglas Renninger, based upon Appellee's invocation of the Drug Overdose Response Immunity Act ("the Immunity Act"), 35 P.S. § 780-113.7. After careful consideration, we affirm.

The following are the relevant facts and procedural history. On January 15, 2023, Cumru Township police officers responded to Appellee's call, reporting that his girlfriend had stabbed him in his abdomen with a syringe at a Subway restaurant. Trial Ct. Op., 5/7/25, at 3. Appellee claimed that "he was overdosing" and requested transportation to a hospital. N.T., 2/10/24, at 13-14. The criminal complaint subsequently filed by responding Police Officer Elizabeth Goida stated that Appellee reported that "he felt dizzy, had blurry vision, and had thrown up already." Criminal Compl., 3/13/23, at 5.

Officer Goida additionally averred that when she arrived on site, Appellee "was profusely sweating, slurring his words, and swaying back and forth." *Id.*

Prior to being transported to the hospital, Appellee consented to a search of his backpack, which revealed a bag with a clear crystalline substance and a yellow tablet; subsequent testing revealed both to contain methamphetamine. Trial Ct. Op. at 3-4; Criminal Compl. at 5. The record does not include any records or testimony regarding the hospital's assessment of Appellee's condition.

On March 13, 2023, the Commonwealth charged Appellee with Possession of a Controlled Substance and Possession of Drug Paraphernalia.[1] On December 9, 2024, Appellee filed an omnibus pretrial motion seeking to quash the information and dismiss the charges, claiming that he was immune under the Immunity Act.[2]

On February 10, 2025, the court held a hearing on the motion at which only Officer Justin Good, one of the responding police officers, testified. In addition to the basic facts set forth above, Officer Good explained that, when medical personnel evaluated Appellee at the scene, Appellee's abdomen did not show any "fresh punctures by a syringe." N.T. at 14. Officer Good additionally reported that emergency personnel did not administer overdose agents, such as Narcan, and that Appellee did not display overdose symptoms.

---

[1] 35 P.S. §§ 780-113(a)(16), (32).

[2] The delay in the case related to Appellee initially seeking admission to the Drug Treatment Court.

*Id.* at 10-11. Officer Good testified that he did not remember Appellee "saying anything about symptoms[.]" *Id*. at 6.

Nevertheless, Officer Good acknowledged that Appellee called emergency services claiming that he "was overdosing[.]" *Id.* at 13. Additionally, the officer recounted that Appellee was "animated and excited" and possibly under the influence of a stimulant. *Id.* at 13-14. Officer Good testified that he had responded to a call from Appellee on December 26, 2022, several weeks prior to the January 2023 incident, when Appellee also appeared to be under the influence of a stimulant but not suffering an overdose. *Id.* at 12.

On March 11, 2025, the court granted Appellee's motion to quash the information pursuant to the Immunity Act.

On April 2, 2025, the Commonwealth filed a notice of appeal. The Commonwealth and the court complied with Pa.R.A.P. 1925.

The Commonwealth raises the following issue on appeal:

Did the trial court err in granting [Appellee's] motion for a writ of *habeas corpus* as to all counts by finding that [Appellee] had met his burden of showing he was entitled to drug overdose immunity where the evidence presented did not show that [Appellee] was experiencing an actual overdose or that he contacted emergency services in good faith believing that an overdose was occurring, but instead was contacting law enforcement to report an alleged assault conducted against him by his paramour?

Commonwealth's Br. at 5 (some formatting altered).

"[T]he decision to grant, or deny, a motion to quash a criminal information or indictment is within the sound discretion of the trial court[,]"

- 3 -

and an appellate court will reverse the decision "only where there has been a clear abuse of discretion." ***Commonwealth v. Kiessling***, 343 A.3d 1234, 1243 (Pa. Super. 2025) (citation omitted). "[A] court abuses its discretion if, in resolving the issue for decision, it misapplies the law or rules in a manner lacking reason." ***Commonwealth v. Aguilar***, 340 A.3d 311, 319 (Pa. Super. 2025) (citation omitted). "When reviewing an order granting a motion to dismiss a criminal information, the appellate court accepts the Commonwealth's averments as true, examining the evidence and reasonable inferences derived therefrom in the light most favorable to the Commonwealth." ***Kiessling***, 343 A.3d at 1243.

As set forth above, this case involves application of the Drug Overdose Response Immunity Act. "A trial court's application of a statute is a question of law, and our standard of review is plenary." ***Commonwealth v. Lewis***, 180 A.3d 786, 788 (Pa. Super. 2018) (citation omitted).

The General Assembly enacted the Immunity Act to address the public health crisis of drug overdose deaths by "sacrific[ing] the prosecution of minor narcotics offenses in order to save lives." ***Commonwealth v. Markun***, 185 A.3d 1026, 1037 (Pa. Super. 2018) (*en banc*). It provides immunity from minor drug offenses, including possession of a controlled substance and possession of drug paraphernalia, "when a person has a reasonable belief someone is suffering from an overdose and contacts local authorities." ***Lewis***, 180 A.3d at 787-88. "The Act provides this immunity to both the reporter and the victim[.]" ***Markun***, 185 A.3d at 1034 (citation omitted).

Specifically, the Act provides immunity for a person who can establish all of the following:

> (i) the person reported, in good faith, a drug overdose event to a law enforcement officer . . . and the report was made on the reasonable belief that another person was in need of immediate medical attention and was necessary to prevent death or serious bodily injury due to a drug overdose;
>
> (ii) the person provided his own name and location and cooperated with the law enforcement officer . . . ; and
>
> (iii) the person remained with the person needing immediate medical attention until a law enforcement officer . . . arrived.

35 P.S. § 780-113.7(a)(2). The statute defines a "drug overdose event" as follows:

> An acute medical condition, including, but not limited to, severe physical illness, coma, mania, hysteria or death, which is the result of consumption or use of one or more controlled substances causing an adverse reaction. A patient's condition shall be deemed to be a drug overdose if a prudent layperson, possessing an average knowledge of medicine and health, would reasonably believe that the condition is in fact a drug overdose and requires immediate medical attention.

*Id.* at § 780-113.7(f).

This Court has interpreted the Act to provide immunity if the reporter has "a reasonable belief [that] emergency medical care is required due to a drug overdose[,]" even if the person is not in fact "suffering from a drug overdose" or in need of "immediate medical attention[.]" *Lewis*, 180 A.3d at 791. The defendant has the burden to "establish the Act's applicability." *Markun*, 185 A.3d at 1033. Finally, in *Lewis*, this Court interpreted the statute to apply to an individual self-reporting their own potential overdose,

- 5 -

even though the statutory language does not expressly address self-reported potential overdoses.  *Lewis*, 180 A.3d at 791.

In the instant case, the Commonwealth argues that Appellee failed to satisfy his burden of proof.  Commonwealth's Br. at 10-17.  The Commonwealth maintains that "[t]he testimony presented during the pretrial hearing did not prove that he called law enforcement or authorities for a good faith belief that he was suffering a drug overdose;" instead, it claims that he called to report that his girlfriend assaulted him with a syringe.  *Id.* at 13.[3]

Additionally, the Commonwealth contends that Appellee did not have the necessary "reasonable belief [that] emergency medical care [was] required due to a drug overdose."  *Id.* at 13 (citing 35 P.S. § 780-113.7(a)(2)(i)).  The Commonwealth highlights that Appellee "was coherent and able to speak with law enforcement" at the scene and that the emergency personnel did not treat Appellee as if he was experiencing an overdose.  *Id.* at 15.  The Commonwealth notes that Appellee failed to present any evidence showing that he experienced an overdose.  *Id.* at 10.  The Commonwealth contrasts the instant facts with those of *Lewis* in which medical personnel explained that they took Lewis to the hospital "over her protests" because they "wanted to make sure that whatever she ingested didn't eventually kill

---

[3] The Commonwealth asserts that Officer Good testified that Appellee did not claim to be suffering from an overdose.  *Id.* at 13-14 (citing N.T. at 6).  As stated, the record does not support the Commonwealth's assertion.  Rather, Officer Good admitted that "the reason for his call" was that he was overdosing after being struck by a needle.  N.T. at 13.  Accordingly, even viewing the evidence in a light most favorable to the Commonwealth, we reject this claim.

her or harm her[.]" *Id.* at 15-16 (quoting *Lewis*, 180 A.3d at 791). The Commonwealth contends that the evidence in the instant case showed only that Appellee was "[u]nder the influence of a substance" which "does not make a reasonable belief of an overdose[.]" *Id.* at 14.

We disagree. Even when viewing the evidence in a light most favorable to the Commonwealth, we conclude that the court did not abuse its discretion in applying the Immunity Act to Appellee. As the court noted, the drug possession charges at issue are "the type of minor drug infraction that was contemplated by the [Immunity Act.]" Trial Ct. Op. at 5-6. Moreover, despite the Commonwealth's argument to the contrary, the record establishes that Appellee called emergency services claiming that he was overdosing. It is irrelevant that Appellee concurrently reported an assault by his girlfriend when he reported his potential overdose, which he presumably viewed as related to the alleged syringe assault.

The remaining question is whether Appellee demonstrated that he acted with a good faith belief that he was experiencing an overdose, which requires proof that a "prudent layperson, possessing an average knowledge of medicine and health, would reasonably believe that the condition is in fact a drug overdose and requires immediate medical attention." 35 P.S. § 780-113.7(f). We agree with the trial court that public policy "favor[s] erring on the side of immunity" to encourage the reporting of potential drug overdoses. Trial Ct. Op. at 6. The trial court opined that the fact that Appellee "contacted law enforcement and asked to be taken to the hospital" supported a

determination that Appellee acted in good faith, especially where his transport to the hospital required his consent "to the search of his bag, which he knew or should have known contained two methamphetamine pills." *Id.* at 5. We additionally note that emergency personnel consented to his request to be transported to the hospital. *Id.* at 3. We conclude that the court did not abuse its discretion in finding that Appellee acted in good faith in reporting his potential overdose. Accordingly, we affirm the court's application of the Drug Overdose Response Immunity Act and its resulting order quashing the criminal information filed against Appellee.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 1/2/2026